UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHARLES BRIAN BOSWELL and
MARGARET ANN BOSWELL,

    Plaintiffs,

v.                                 Case No.: 8:18-cv-1769-EAK-AEP

DAVID GEE, et al.,

    Defendants.

## ORDER

Through <u>465</u> numbered paragraphs, containing <u>45</u> separate causes of action and spanning nearly <u>150</u> pages, the plaintiffs, Charles and Margaret Boswell (collectively, "**Plaintiffs**"), tell a dizzying story of how twenty-three members of the Hillsborough County Sherriff's and State Attorney's Offices allegedly conspired to defame, harass, and ostracize Mr. Boswell in retribution for Mr. Boswell's refusal to support and ratify an unconstitutionally obtained confession by a suspect in a murder and robbery case. (Doc. 124). The defendants – the current and former Sheriffs of Hillsborough County, sixteen current and former Sheriff's deputies, the Sheriff's legal counsel, the Hillsborough County State Attorney, and two current and former Assistant State Attorneys – move for dismissal. (Docs. 134–153, 170). They argue, among other things, that Plaintiffs' operative, amended complaint is a shotgun pleading. Upon review, the Court agrees.

Rules 8 and 10 of the Federal Rules of Civil Procedure require that a complaint's claims be short, plain, and set forth in numbered paragraphs that are limited to a single set of circumstances; and that its allegations be simple, concise, and direct. See Fed. R. Civ. P. 8(a), 8(d), 10(b). See also Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (requiring that a complaint provide more than labels, conclusions, or a formulaic recitation of the elements of a cause of action). Underlying these requirements are the assumptions that a plaintiff's complaint will be clear and definitive, allowing a defendant to understand the claims being asserted against him and to draft a responsive pleading, and that the district court, then "having a clear and definitive response before it," can recognize the parties' claims and defenses, identify the issues of fact to be litigated, and proceed to a "just result." Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 979 (11th Cir. 2008), abrogated on other grounds by, 556 U.S. 662 (2009).

So-called "shotgun" complaints confound these assumptions and violate the federal pleading rules. Id. The Eleventh Circuit has identified several types of shotgun complaints that violate Rule 8, Rule 10, or both:

> The most common type – by a long shot – is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of

2

action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

Weiland v. Palm Beach Cnty. Sheriff's Office, 792 F.3d 1313, 1321–23 (11th Cir. 2015) (footnotes omitted). Relevant to the case at bar, a shotgun complaint also may "begin with a long list of general allegations" that are later "incorporated by reference into each count of the complaint." Johnson Enters. of Jacksonville, Inc. v. FPL Group, Inc., 162 F.3d 1290, 1333 (11th Cir. 1998). See also Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1359 n.9 (11th Cir. 1997) (noting the "all-too-typical shotgun pleading" where the first paragraph of each count "incorporates by reference" all of the "factual allegations"). "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Weiland, 792 F.3d at 1323.

When shotgun complaints are permitted to proceed, "issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll., 77 F.3d 364, 367 (11th Cir. 1996). The Eleventh Circuit therefore imposes on district courts a responsibility to judiciously define the issues in dispute and eliminate shotgun pleadings at the earliest stages of the litigation. See Johnson, 162 F.3d at 1333. See also Paylor v. Hartford Fire Ins. Co., 748 F.3d 1117, 1127–28 (11th Cir. 2014) (criticizing the district court for

failing to police shotgun pleadings). From that responsibility results the district court's sound discretion to dismiss a complaint on shotgun pleading grounds. Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1295 (11th Cir. 2018). However, a district court generally must grant a plaintiff at least one chance to remedy a shotgun complaint's deficiencies before dismissing it with prejudice. Id. ("When a litigant files a shotgun pleading, is represented by counsel, and fails to request leave to amend, a district court must sua sponte give him one chance to replead before dismissing his case with prejudice on non-merits shotgun pleading grounds."). "Implicit in such a repleading order is the notion that if the plaintiff fails to comply with the court's order – by filing a repleader with the same deficiency – the court should strike his pleading or, depending on the circumstances, dismiss his case and consider the imposition of monetary sanctions." Jackson v. Bank of Am., N.A., 898 F.3d 1348, 1358 (11th Cir. 2018) (internal quotations and citation omitted).

Here, Plaintiffs' amended complaint includes 145 paragraphs of general factual allegations, some of which are vague, conclusory, and immaterial. The subsequent 291 paragraphs are divided into 45 counts, all of which are against multiple of the defendants, but only one of which is against all of the defendants. Yet, in each count, Plaintiffs re-allege and incorporate all of the amended complaint's general factual allegations, many of which are obviously not connected to that particular claim for relief or the defendants it's asserted against. Plaintiffs' "failure to more precisely parcel out and identify the facts relevant to each" of their claims "materially increase[s] the burden of understanding the factual allegations underlying each count." Weiland, 792

4

F.3d at 1324. Pursuant to binding Eleventh Circuit precedent, this is impermissible. Johnson, 162 F.3d at 1333; Chudasama, 123 F.3d at 1359 n.9. So, the Court finds that the defendants have justifiably complained about having to respond to Plaintiffs' shotgun complaint. Plaintiffs must replead.

Before concluding, however, the Court must address one additional problem. Currently, twenty-one motions to dismiss pend in this case, as do four responses in opposition. In each of them, cross-references, incorporations by reference, and argument adoption abound.[1] These "Hey, Judge! What he said!" and "Hey, Judge! What I previously said!" digressions are inappropriate and unduly tax the Court's resources. Local Rule 3.01(a) requires that, absent the Court's leave, all motions be no more than twenty-five pages in length. Likewise, Local Rule 3.01(b) allots twenty pages for responses in opposition. These page limit requirements are "not imposed to burden the parties." Mobile Shelter Sys. USA, Inc. v. Grate Pallet Sols., LLC, 845 F. Supp. 2d 1241, 1253 (M.D. Fla. 2012) (Dalton, J.), aff'd in part, 505 F. App'x 928

---

[1] See, e.g., (Doc. 134 at 1) ("The Defendant adopts the motions and memoranda filed by all other Defendants who are current or former officials, deputies or employees of the Sheriff of Hillsborough County."); (Doc. 135 at 1) ("In support of this motion the Defendant adopts the motions to dismiss and memoranda of law of the Defendant David Gee and all other Defendants who are or were officers, deputies or employees of the Sheriff of Hillsborough County, Florida."); (Docs. 136–153 at 1) ("In support of this motion the Defendant incorporates the motions to dismiss and memoranda of law contemporaneously submitted by all other Defendants who are or were officers, deputies, or employees of the Sheriff of Hillsborough County, Florida."); (Doc. 159 at 3–4) ("That said, in omnibus response to all eighteen (18) of these Defendants' Motions, Plaintiffs here simply incorporate the Gee Memorandum and the Chronister Memorandum."); (Doc. 161 at 3) ("In response to the Motion, with an exception to be stated forthwith, Plaintiffs incorporate in its entirety their Memorandum in Opposition to Defendant Gee's Motion to Dismiss Amended Complaint for Failure to State a Claim upon which Relief may be Granted, filed contemporaneously herewith ('the Gee Memorandum')."); (Doc. 172 at 13) (incorporating by reference all of Plaintiffs' arguments levied in their "initial Response to all of the Defendants' Motions to Dismiss").

(11th Cir. 2013) (per curiam). Rather, they're "intended to focus the parties' attention on the most pressing matters and winnow the issues to be placed before the Court, thereby conserving judicial resources." Id. If permitted to stand as filed, most, if not all, of the defendants' motions to dismiss and Plaintiffs' responses thereto would exceed the generous page limits prescribed by the Local Rules when the cross-referenced material is included in the page limit calculation.

Moreover, such motion practice results in imprecise and inartful briefing. The Court declines the invitation to sift through purportedly pertinent arguments from one or some of the other twenty-two defendants in hopes of finding a gem germane to the particular motion to dismiss then under review. The same notion holds true for Plaintiffs' counterarguments. The Court will dutifully decide the issues presented. It will not sort through hundreds of pages of pleadings and briefing to find the issues in the first instance. Thus, any motions to dismiss directed at any second amended complaint shall contain, with no cross-references, incorporations by reference, or argument adoption, every argument that each of the defendants wants the Court to consider. And each shall comply with the Local Rule's page-limit requirement. Any responses shall be similarly compliant.

In conclusion, the defendants' motions to dismiss, (Docs. 134–153, 170), are **GRANTED**. Plaintiffs' amended complaint, (Doc. 124), is **DISMISSED**. The dismissal is **WITHOUT PREJUDICE** to Plaintiffs' right to file a second amended complaint, free of any pleading deficiencies, on or before the thirtieth day after this

Order issues. Also, a final admonishment: Plaintiffs should closely examine each of their forty-five causes of action as currently pleaded and reflect with caution and sagacity on whether, to the best of their information and belief, any of their claims are being presented for an improper purpose, whether each of their claims is warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law, and whether their factual contentions have evidentiary support or will have evidentiary support after a reasonable opportunity for further investigation or discovery. See Fed. R. Civ. P. 11(b).

**ORDERED** in Chambers, in Tampa, Florida, this 6th day of August, 2019.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel/Parties of Record