UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHARLES BRIAN BOSWELL, et al.,

      Plaintiffs,

v.                                  CASE NO. 8:18-cv-1769-T-23AEP

DAVID GEE, et al.,

      Defendants.

_____/

## ORDER

      This action began in July 2018 with a 137-page complaint by former deputy sheriff Charles B. Boswell and his wife against the present and the immediate-past Sheriff of Hillsborough County, Florida, and eighteen other current and retired officers.  Rather than respond to the consequent series of dismissal motions, the plaintiffs in November 2018 permissively amended the complaint, which was followed by a second round of dismissal motions and responses.

      Remarking the nearly 150-page amended complaint's 465 numbered paragraphs and forty-five claims for relief, Judge Kovachevich dismissed (Doc. 176) the amended complaint as a "shotgun pleading."  The dismissal order permitted the filing of "a second amended complaint, free of any pleading deficiencies."  Also, "as a final admonishment" to the plaintiffs, Judge Kovachevich stated:

> Plaintiffs should closely examine each of their forty-five causes
> of action as currently pleaded and reflect with caution and

> sagacity on whether, to the best of their information and
> belief, any of their claims are being presented for an improper
> purpose, whether each of their claims is warranted by existing
> law or by a non-frivolous argument for extending, modifying,
> or reversing existing law or for establishing new law, and
> whether their factual contentions have evidentiary support or
> will have evidentiary support after a reasonable opportunity
> for further investigation or discovery. *See* Fed. R. Civ. P. 11(b).

In September 2019 the plaintiffs submitted a second amended complaint (Doc. 179), which triggered a third round of dismissal motions (Docs. 184–194). The second amended complaint is a slight improvement over the earlier iterations but continues to feature a surplus of exclamatory and condemnatory passages, an excess of merely evidentiary and other tendentious and tedious material, a profusion of legal and other conclusory statements, and an indiscriminate incorporation of the preceding paragraphs.  The second amended complaint (as corrected) (Doc. 179) remains a mess and likely remains an impermissible "shotgun pleading."

However characterized, the complaint undertakes in 245 numbered paragraphs to allege sixteen claims against eleven defendants.  Eight counts undertake to allege some familiar — and some more exotic — Florida common law and statutory claims.  Only Counts V, VI, VII, and IX undertake to allege a federal claim.  Before dealing with these four claims, the claims against Sheriffs Gee and Chronister warrant attention.

Both the immediate predecessor Sheriff and the present Sheriff, that is, both Sheriff Gee and Sheriff Chronister, respectively, move to dismiss.  For the plain and straightforward reasons, among others, stated in Sheriff Gee's motion (Doc. 184), the

second amended complaint manifestly fails to allege against Sheriff Gee, who was the Sheriff during the pertinent events, a claim for negligent supervision, a claim for "constructive discharge" (a claim that might not exist in Florida in the context and manner pleaded in this action), or a claim for loss of consortium (a derivative claim that fails, among other reasons, as a consequence of the failure of the other two claims).  Although a claim against a sheriff, a constitutional officer of the State of Florida, is a pleasing prospect for a plaintiff, some specific and essential elements must sustain the claim, and nothing in any of the plaintiffs' complaints or in any readily imaginable complaint by the plaintiffs can satisfy those requirements.

Also, Sheriff Chronister moves to dismiss.  The claims against Sheriff Chronister are more attenuated and implausible than the claims against Sheriff Gee. Again for, among others, the plain and straightforward reasons cited in Sheriff Chronister's motion, the claims against Sheriff Chronister — and the same claims asserted against Sheriff Gee — are **DISMISSED WITH PREJUDICE** for failure to state a claim.  As to both Sheriff Gee and Sheriff Chronister, the allegations after several attempts at pleading and after hundreds of paragraphs of allegations fail utterly to approach a successful claim against either sheriff.  The public has paid enough in defense of quixotic claims against the two sheriffs.

Counts V, VI, VII, and IX undertake to allege claims founded on federal law. First, Count V undertakes, based on 42 U.S.C. § 1983, to allege a violation of the Fourteenth Amendment's due process clause.  Specifically, Count V undertakes to

allege a violation of a putative Fourteenth Amendment "right to a fair internal investigation," characterized elsewhere in Count V as a "right to a fair investigation and a fair appeal."

In response to Count V each defendant raises *McKinney v. Pate*, 20 F.3d 1550 (11th Cir. 1994), often overlooked by an excited practitioner heatedly preparing a complaint. But *McKinney* is almost never overlooked by the district judge and perhaps never overlooked by the circuit court of appeals (often the first question by the panel during oral argument on appeal is a form of "Why are we here, counsel, isn't this action *McKinney*-barred?" — following which an uneasy silence). After submitting an initial round of legal memorandums addressing Count V, the parties answered two questions (Doc. 220) based on *McKinney* and the allegations of Count V. The plaintiffs' response (Doc. 221) is factually and legally inconsistent and unconvincing. The defendants' responses (Docs. 223 and 224) are sound, convincing, and incorporated into this order.

In sum, Chapter 2000-445, Laws of Florida, establishes a Hillsborough County Civil Service Board to review an adverse employment decision by a state agency or appointing authority, including the sheriff. Under Section 12, Chapter 2000-445, aggrieved, non-tenured personnel in the classified service (that is, personnel successfully completing the probationary period) can appeal to the Civil Service Board, which conducts a hearing and determines whether "just cause" existed for the adverse action. An appellant dissatisfied by the decision of the Civil

Service Board can petition for a writ of certiorari in circuit court, which "routinely review[s] the decisions of Florida sheriffs to terminate deputies." *Sammons v. Cameron*, 2005 WL 1027509, at *4 (M.D. Fla. 2005) (Steele, J.) (collecting cases). Both (1) the ability of the Civil Service Board to review the plaintiff's termination (assuming a "termination" occurred, which is unlikely) and (2) the ability of the circuit court to further review the Civil Service Board's decision confirm the availability of an adequate state remedy.  In other words, the two remedies — one administrative and one judicial — confirm the defendants' objection based on *McKinney*.  For the reasons stated in this order and in the defendants' responses, Count V is **DISMISSED WITH PREJUDICE**.

Count VI of the second amended complaint alleges under 42 U.S.C. § 1983 that the defendants "stood by without intervening to prevent the misconduct and illegal acts engaged against BOSWELL when they had the power to intervene . . . ." (Doc. 179 at 38)  In an attempt to specify the fact basis for the claim, the second amended complaint alludes to the "targeting and harassment of BOSWELL," the "undermining of investigations," "false, slanderous allegations," "four IA investigations against BOSWELL," "incomplete IA reports," and "exculpatory evidence . . . ignored and uninvestigated."  (Doc. 179 at 38)  Further, Count VI suggests that the alleged "failure to intervene" actionably injured the victims of a sexual assault because, the plaintiffs allege, the charges were dismissed by a Florida circuit judge based on a *Miranda* violation and an application of the "exclusory

rule" to suppress certain evidence derived from a confession. The complaint implausibly implies that each of the present defendants, each a local law enforcement officer, is singularly responsible for application by a state court of the Supreme Court's *Miranda* rule and the Supreme Court's "exclusionary rule," which have freed many indisputably guilty criminal defendants. In sum, the plaintiffs assert that the Constitution creates a right in Boswell, enforceable as a matter of first instance in the district court under 42 U.S.C. § 1983, to decisive intervention on his behalf by each defendant into the disciplinary and investigative mechanism created by the Sheriff.

These claims are implausible. Nowhere in the law — and certainly not in the Constitution — can one locate an enforceable obligation, chargeable against fellow officers and staff, to intervene into the established procedures of a Sheriff and to cast aspersions on, and lodge accusations against, the conduct of fellow officers. Stated somewhat differently or, at least, stated from another vantage, one cannot locate legal authority for an enforceable right in Boswell to the officious intervention of other officers and staff into the Sheriff's established mechanism of investigation.

The defendants deny both the existence of the claimed obligation of another officer or staff member to intervene and the existence of a constitutional right in Boswell to the supposed benefit of another's intervention. To negate the novel constitutional claim by the plaintiffs, the defendants argue (as they must when arguing for a negative) the absence of any authority finding a constitutional right to intervention in even a remotely similar circumstance. The defendants concede that

- 6 -

during an episode of excessive force the victim enjoys a right to the intervention of

another officer.  The excessive force exception often is applied in the district court,

including in this one.  But a formidable gap separates intervention into the

imminently dangerous, inflammatory, and obvious use of excessive force from

intervention into the internal process designed by the Sheriff to systematically and

reasonably determine — after a disciplinary incident — whether an officer, in whom

the Sheriff must invest trust and confidence, should continue to assist in fulfilling the

constitutional and statutory obligations of the Sheriff.  Count VI is **DISMISSED**

**WITH PREJUDICE**.

The plaintiffs designate the allegations in Count VII of the second amended

complaint as a "conspiracy to interfere with civil rights" under 42 U. S. C. 1985(1),"

a subsection of Section 1985 that conspicuously affords protection only to an "officer

of the United States."  The defendants interpose the immediately obvious and

irrefutable objection that Section 1985(1) offers no basis for a claim by a Florida

deputy sheriff.  The defendants cite authority, including Supreme Court and

Eleventh Circuit authority, convincingly supporting the explicit textual limitation of

Section 1985(1) to a federal officer.  In a perfunctory response, the plaintiffs support

this claim with only a weak, one-line reference — without explanation or citation of

other authority — from a brief order by an Illinois district judge denying a motion to

dismiss.  Otherwise, the authority is unmistakably and uniformly hostile to a

promiscuous and counter-textual expansion of Section 1985(1) to include a state

officer.  Count VII is **DISMISSED WITH PREJUDIC**E.

Count IX undertakes under 42 U.S.C. § 1583 to state a claim for "retaliation"

against Boswell for exercising his right to free speech under the First Amendment.

Undoubtedly this claim must pass the test of *Garcetti v. Ceballos*, 126 S. Ct. 1951

(2006), and governing decisions applying the test, which asks whether the claim is

based on speech "pursuant to the employee's official duties" or based on speech "in

[the employee's] capacity as a citizen."  126 S. Ct. at 1955–56.  Although affirming

that "public employees do not surrender all their First Amendment rights," *Garcetti*

finds that an employee retains only the right "in certain circumstances, to speak as a

citizen addressing matters of public concern":

> We hold that when public employees make statements pursuant
> to their official duties, the employees are not speaking as
> citizens for First Amendment purposes, and the Constitution
> does not insulate their communications from employer
> discipline.

126 S. Ct. at 1960.

On pages four through twenty-nine, the complaint alleges a lengthy,

complicated series of acts by deputy sheriffs that include several investigations by

Internal Affairs, accusations and denials, consistencies and inconsistencies, loyalty

and betrayal, conviction and vindication, retirement and re-retirement, and the

balance of a protracted and fractious drama.  Every alleged event occurred — or for

the purpose of Count IX particularly, every alleged statement occurred — "pursuant

to official duties."  Boswell's statements, that is, his speech (to the extent that characterization applies), were occasioned by, and occurred only because of, his office as a deputy sheriff.  Boswell gathered the information and conclusions that constituted his "speech" during the course of, and exclusively attributable to, his service as a deputy sheriff.

In other words, even construing Boswell's "statement of the ultimate facts" (Doc. 179 at 3) most charitably, Count IX fails the *Garcetti* test.  To find otherwise entangles the district court in supervising internecine disputes within local law enforcement, which is properly governed by the sheriff and the State of Florida.

In sum, the statements (whichever, if any, they were) that resulted in the Internal Affairs investigation, the discipline, and the other events Boswell alleges in the "statement of ultimate facts" were statements "pursuant to his official duty" and not statements "as a citizen for First Amendment purposes," the distinction governing *Garcetti*.  Count IX is **DISMISSED WITH PREJUDICE**.  *James v. Montgomery Reg. Airport Auth.*, 730 Fed. Appx. 772 (11th Cir. 2018); *Wagner v. Lee County*, 678 Fed. Appx. 913 (11th Cir. 2017); *Moss v. City of Pembroke Pines*, 782 F. 3d 613 (11th Cir. 2015); *Haynes v. City of Circleville*, 474 F. 3d 357 (6th Cir. 2007); *Vose v. Kliment*, 506 F. 3d 565 (7th Cir. 2007).  *See Borough of Duryea v. Guarnieri*, 131 S. Ct. 2488 (2011) (comparing the right to free speech to the right to petition and applying *Garcetti*).

## CONCLUSION

All claims against Sheriff Gee and Sheriff Chronister are **DISMISSED WITH PREJUDICE**.  Counts V, VI, VII, and IX are **DIMISSED WITH PREJUDICE**. Supplemental jurisdiction over the remaining claims is **DECLINED** under 28 U.S.C. § 1367(c).  This action is **DISMISSED**.  *See* 28 U.S.C. § 1367(d) (tolling any limitation for thirty days after dismissal).  The clerk must close the case.

ORDERED in Tampa, Florida, on November 13, 2020.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE